*petitioner &*
Copy mailed to attorneys for
parties by the Court pursuant
to Rule 77 (d) Federal Rules of
Civil Procedures. 4/20/05



U.S. DIST. COURT EAST DIST. WISC.
FILED
APR 19 2005
AT_____ O'CLOCK____M
SOFRON B. NEDILSKY

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

VIRGIL M. SMITH,

    Petitioner,

v.                      Case No. 05-C-0382

CATHY JESS,

    Respondent.

## RECOMMENDATION ON RULE 4 REVIEW AND ORDER ON VARIOUS MOTIONS

On March 23, 2005, Virgil M. Smith ("Smith"), the petitioner in this federal habeas corpus action, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. However, he filed his petition in the United States District Court for the Western District of Wisconsin. On March 30, 2005, United States District Judge Barbara B. Crabb ordered that the action be transferred to the Eastern District of Wisconsin because venue was proper in the Eastern District and improper in the Western District ("Pursuant to 28 U.S.C. § 2241(d), a petitioner may file his petition either in the federal district court for the district where he is in custody or in the federal district court for the district within which the state court was held that convicted and sentenced him. Both the Dodge Correctional Institution and the Circuit Court for Milwaukee County are located in the Eastern District of Wisconsin." (Order of April 30, 2005)). Thus, Smith's petition is currently pending before this court.

According to Smith's petition and the attachments thereto, in December 2003, he was convicted of kidnapping and second degree sexual assault in the Milwaukee County Circuit Court

AO 72A
(Rev.8/82)

(Case No. 03CF001327). On December 16, 2003, he was sentenced to serve a total of fifty (50) years imprisonment. Furthermore, according to his petition, Smith's appeal of that judgment of conviction is currently pending before the Wisconsin Court of Appeals.

In addition to making reference to his conviction in Case No. 03CF001327, however, Smith's petition makes reference to other cases that he appears to have pursued in the Wisconsin state court system, as well as this court. As best as this court can discern, it appears that those other cases do not relate to Smith's December 2003 conviction for kidnapping and second degree sexual assault.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides, in pertinent part, that

> [i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate.

An application for a writ of habeas corpus may be granted on the grounds that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Title 28 U.S.C. § 2254(b)(1) provides as follows:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that --
>
>    (A) the applicant has exhausted the remedies available in the courts of the State;
>   (B)(i) there is an absence of available State corrective process; or
>      (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

A claim is considered exhausted only if the petitioner has provided the state courts with a full and fair opportunity to review his claims. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A

AO 72A
(Rev.8/82)

Case 2:05-cv-00382-RTR   Filed 04/19/05   Page 2 of 4   Document 18

specific claim is not considered exhausted if the petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). This generally requires appealing state court decisions all the way to the state supreme court. *See O'Sullivan*, 526 U.S. at 847. Moreover, a petition for writ of habeas corpus should be dismissed without prejudice if state remedies are not exhausted as to any one of the petitioner's claims. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982).

Here, it is clear from the face of the petition that Smith has not exhausted his state remedies. The petition clearly indicates that Smith's appeal of his December 2003 conviction is currently pending in the Wisconsin Court of Appeals. (Pet. at 3.) The state courts have clearly not been provided with a full and fair opportunity to review Smith's claims. Smith's petition should therefore be summarily dismissed with leave to re-file once his state remedies are exhausted.

Furthermore, a stay of the proceedings rather than dismissal is not appropriate in this case. Because of the "interplay" between the rule of *Lundy* and the one-year statute of limitations contained in 28 U.S.C. § 2244(d), if a petitioner files a "mixed" petition, containing both exhausted and non-exhausted claims, there is a risk that the non-exhausted claims will forever evade federal review. *Rhines v. Weber*, 125 S. Ct. 1528, 1533 (2005). In order to avoid this result, the Supreme Court has endorsed a "stay-and-abeyance" procedure in limited circumstances. *Id.* at 1534. However, the petition at hand is not a "mixed" petition. It does not appear that Smith has yet exhausted any of his claims. Furthermore, 28 U.S.C. § 2244(d)(1)(A) provides that the one-year limitation period does not begin to run until direct review of the conviction is completed. Since direct review of Smith's conviction is still underway in the state courts, he is in no danger of losing his right to federal review should his current petition be dismissed.

3

For the foregoing reasons, it will be recommended that Smith's petition be summarily dismissed with leave to re-file once his state remedies are exhausted.

**NOW THEREFORE IT IS RECOMMENDED** that the Smith's petition for writ of habeas corpus be summarily dismissed with leave to re-file once his state remedies are exhausted.

**NOW THEREFORE IT IS ORDERED** that Smith's motion for change of venue be and hereby is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Smith's motion to appoint counsel be and hereby is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Smith's motions to show cause be and hereby are **DENIED AS MOOT**.

Your attention is directed to 28 U.S.C. § 636(b)(1)(A), (B) and (C) and General Local Rule 72.3 (E.D. Wis.), whereby written objections to any order or recommendation herein or part thereof may be filed within ten days of the date of service of this recommendation and order. Any objection must be filed with the Clerk of Court, in duplicate, within ten days of service of the same. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

**SO ORDERED** this _19th_ day of April 2005, at Milwaukee, Wisconsin.

WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge