# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**VIRGIL M. SMITH,**

        **Petitioner,**

**v.**                                                 **Case No.    05-C-0382**

**CATHY JESS,**

        **Respondent.**

# DECISION AND ORDER

On March 23, 2005, Virgil M. Smith ("Smith") filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, in the District Court for the Western District of Wisconsin. On March 30, 2005, Smith's action was transferred to the Eastern District of Wisconsin based on venue. On April 19, 2005, this Court received the Recommendation of Magistrate Judge William E. Callahan finding that Smith's petition should be dismissed for failure to exhaust state court remedies. On April 27, 2005, this Court received Smith's filing entitled "Reconsideration" and, on May 2, 2005, the Court received a supplement to this submission.

Smith's habeas petition (minus exhibits) is 50 pages of repetitive, rambling prose replete with conclusory allegations of fraud, conflicts of interest, and attempts to deny Smith

his rights by his attorney and the Wisconsin state courts alike.[1]  Prolixity aside, deciphering Smith's petition is further hampered by the inclusion of documents having no apparent relationship to the proceedings that he challenges.  Also, Smith raises claims that may not be cognizable under § 2254.  This much is known based on his petition: Smith was sentenced to 50 years imprisonment on December 16, 2003 based on a conviction of kidnapping and second degree sexual assault.  The appeal of his conviction is currently pending.

Smith has filed multiple motions in the Wisconsin courts attempting to obtain new appointment of counsel and alleging failure of the state courts to properly address his request for the same.  This latter issue appears in the memorandum attached to his habeas petition before this Court.  As is true of Smith's other grounds for relief, it is not entirely clear from his petition whether his challenges originate in the proceedings that led to his state court conviction or in his unsuccessful attempts to obtain relief via state habeas procedures.  By Smith's own admission, he has raised the question of the effectiveness of counsel on direct appeal of his conviction.

Exhaustion is a prerequisite to this Court's jurisdiction over habeas petitions.  *See* 28 U.S.C. § 2254(b)(1)(A).  If Smith's direct appeal is successful, his conviction may be overturned.  Thus, it would be premature for this Court to consider Smith's petition when he

---

[1]The record in this case, as received by the Court, contains a submission from Smith entitled "Mamorandum [sic] of Law."  This memorandum, dated March 21, 2005, was filed in support of Smith's writ and is six pages in length.  In that filing, Smith alleges due process violations generally.  The Court also received a completed § 2254 form, also dated March 21, 2005, in which Smith identifies four grounds for relief.  Appended to the § 2254 form is a typed document, entitled "Continuation"–presumably a continuation of the standard habeas petition, although the numbering of the entries on the "continuation" memorandum do not strictly follow that of the habeas petition.  The Court has considered all of these documents, as well as any attachments thereto, in rendering the present decision and order.

2

has not exhausted those avenues available in state court. As of the issuance of this opinion, Smith's direct appeal of his conviction is still pending.

Smith would likely argue that his petition is properly before the Court based on 28 U.S.C. § 2254(b)(1)(B), which allows an unexhausted ground to be considered when the petitioner is effectively blocked from bringing his claims in state court. However, if Smith's efforts are being thwarted by the type of vast, all-pervasive conspiracy that he alleges, he has not provided sufficient information for the Court to make such a finding. As stated above, Smith's allegations are conclusory at best and do nothing to establish circumstances such that this Court would find his currently pending appeal to be an exercise in futility. Therefore, the Court agrees with the recommendation of Magistrate Judge Callahan dismissing this case with leave to re-file once Smith's state remedies are exhausted.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

The Court adopts the recommendation of Magistrate Judge Callahan, dated April 19, 2005, and **DISMISSES** Smith's petition for habeas corpus without prejudice.

Smith's Motion for Reconsideration (Docket No. 20) is **DISMISSED** as moot.

Dated at Milwaukee, Wisconsin this 20th day of October, 2005.

**BY THE COURT**

s/ Rudolph T. Randa
**Hon. Rudolph T. Randa**
**Chief Judge**

Case 2:05-cv-00382-RTR   Filed 10/20/05   Page 3 of 3   Document 22